

**U.S. DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**

**FILED**

JAN 1 4 1997

NANCY DOHERTY CLERK

By _____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

BERNARD J. DOLENZ, §
§
        Plaintiff, §
§
v. §          CIVIL ACTION NO.
§          3:95-CV-1605-P
JUDGE TED MARTIN AKIN, §
JOHN EARNEST BOUNDY and §
MILDRED AVERY, §
§          ENTERED ON DOCKET
§          _____ PURSUANT
        Defendants. §          TO F. R. C. P. RULES
                                58 AND 79a

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants Boundy's and Avery's Motion to Dismiss and

for Sanctions, filed April 29, 1996, and Plaintiff Dolenz's Response to Defendants Boundy's

and Avery's Motion to Dismiss and for Sanctions, filed May 10, 1996.

After a thorough review of Defendants' Motion to Dismiss, Plaintiff's Response, the

pleadings, and the applicable law, the Court concludes, for the reasons stated herein, that

Defendants' Motion to Dismiss should be granted.  The Court, however, denies Defendants'

Motion for Sanctions.

### BACKGROUND

On August 4, 1995, Bernard J. Dolenz ("Plaintiff" or "Dolenz") filed his Original

Complaint which alleges cause of action for false imprisonment and violations of 42 U.S.C. §

1983.  Dolenz contends that his rights were violated when Judge Ted Martin Akin ("Defendant

Akin") incarcerated him for contempt on the occasions of November 22, 1994, and December

MEMORANDUM OPINION AND ORDER--1
95-1605



22, 1994.

On March 6, 1996, the Court issued an Order granting Defendant Akin's Motion to
Dismiss and dismissed Dolenz's claims against Akin on the grounds that Akin was entitled to
Eleventh Amendment immunity from suit in his official capacity and was shielded by judicial
immunity in his individual capacity.

Remaining before the Court are Plaintiff's claims against John Earnest Boundy
("Defendant Boundy") and Mildred Avery ("Defendant Avery") for false imprisonment and
violations of Section 1983.  Plaintiff contends that, despite Defendant Akin's immunity from
suit, Defendants Boundy and Avery can be held liable under these theories of recovery for the
actions they took, as lawyer and client, respectively, in obtaining Dolenz's incarceration for
contempt.

Boundy and Avery presently move the Court, pursuant to Federal Rule of Civil
Procedure 12(b)(6), to dismiss Plaintiff's action, in its entirety, for failure to state a claim
upon which relief can be granted.  Defendants also move the Court, pursuant to Rule 11, for
sanctions, alleging that Plaintiff's pleadings and claims in this case were filed solely for the
purposes of harassment, to delay state-court proceedings, and without any basis in law or fact.
Plaintiff contends, in his Response, that Defendants' Motion to Dismiss is without merit; and
he requests sanctions against Defendants under Rule 11 and 28 U.S.C. § 1927.

## ANALYSIS

In his Response, Plaintiff contends that Defendants' Motion to Dismiss was not timely
filed and should be struck.  Dolenz argues that the 12(b)(6) motion should have been filed

before Boundy and Avery answered Dolenz's Original Complaint. Boundy and Avery filed

their answers, however, on August 28, 1995, many months before they filed the present

12(b)(6) motion. Thus, according to Dolenz, Defendants' Motion to Dismiss should be struck

for being untimely filed. (See Pl.'s Resp. Defs.' Mot. Dismiss at 1.)

     Dolenz's contention that the 12(b)(6) motion was untimely filed is not without merit.

Technically, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as

a motion for judgment on the pleadings or for summary judgment, must be used to challenge

the failure to state a claim of relief." 5A Charles A. Wright & Arthur R. Miller, Federal

Practice and Procedure: Civil 2d § 1357, at 300-01 (2d ed. 1990). However, courts

confronted with a 12(b)(6) motion filed after a defendant has answered "have chosen to

overlook the semantic faux pas and [have] restyled the motion as a Rule 12(c) motion." Delta

Truck & Tractor, Inc. v. Navistar Int'l Transp. Corp., 833 F. Supp. 587, 588 (W.D. La.

1993); see, e.g., id. (addressing defendants' untimely 12(b)(6) motion as a Rule 12(c)

motion); Robinson v. ADM Gromark River Systems, Inc., No. CIV. A. 96-0410, 1996 WL

162077, at *1 (E.D. La. Apr. 4, 1996) (same); Billiot v. Browning-Ferris, Inc., Civ. A. No.

94-2389, 1994 WL 495861, at *1 (E.D. La. Sept. 6, 1994) (same); see also Wright & Miller,

supra, § 1357, at 300 n.2, § 1367, at 515 nn.17 & 19, § 1367 (Supp. 1996), at 225 n.15.1

(citing plethora of cases which support above proposition that courts disregard the error).

Therefore, rather than striking Defendants' Motion to Dismiss, the Court will simply treat it as

a motion under Rule 12(c) and will consider the motion.

     In recasting a post-answer Rule 12(b)(6) motion as a Rule 12(c) motion, courts apply

the 12(b)(6) legal standard to the Rule 12(c) motion. See Turbe v. Government of V.I., 938 F.2d 427, 428 (3d Cir. 1991) (stating that where defense of failure to state a claim upon which relief can be granted is made by motion for judgment on the pleadings, same standards as under Rule 12(b)(6) apply); Delta Truck & Tractor, Inc., 833 F. Supp. at 588; Robinson, 1996 WL 162077, at * 1; In re Ford Motor Co. Bronco II Prods. Liab. Litig., No. Civ. A. MDL-991, 1995 WL 714441, at *2 (E.D. La. Dec. 4, 1995); see also Wright & Miller, supra, § 1367, at 515 n.19 (citing cases applying 12(b) motion standards where 12(b) procedural defects were asserted under 12(c) motions). The same legal standard applied under Rule 12(b)(6) is applied to Rule 12(c) motions because "[i]n this context, Rule 12(c) is merely serving as an auxiliary device that enables a party to assert . . . [the defense of failure to state a claim] after the close of the pleadings." Id. at 516; see also Robinson, 1996 WL 162077, at *1.

A plaintiff's complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim for which relief can be granted. In ruling on a 12(b)(6) motion, the court "must accept all well-pleaded facts as true" and "view them in the light most favorable to the plaintiff." Cinel v. Connick, 15 F.3d 1338, 1341 (5th Cir.), cert. denied, 115 S. Ct. 189, 130 L. Ed. 2d 122 (1994). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). A complaint will not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

With the above standards in mind, the Court will now address Defendants' Motion to Dismiss. Defendants Boundy and Avery presently move the Court to dismiss Dolenz's action, in its entirety, arguing that Dolenz's complaint fails to state a claim against them for either false imprisonment or for civil rights violations under Section 1983. Because the Court determines, herein, that Dolenz has not stated a claim against either Defendant under Section 1983, the Court does not consider the sufficiency of Plaintiff's state-law false imprisonment claims.[1] The following discussion only addresses why Plaintiff has failed to state a cause of action against Defendants under Section 1983.

To state a cause of action under Section 1983, a plaintiff must allege that some person, acting under state or territorial law, has deprived him of a federal right. Cinel, 15 F.3d at 1342 (citing Gomez v. Toledo, 446 U.S. 635, 640 (1980); Auster Oil & Gas, Inc. v. Stream, 764 F.2d 381, 387 (5th Cir. 1985), cert. denied, 488 U.S. 848 (1988)) (emphasis added). Plaintiff alleges that Defendant Boundy was acting under state law when he allegedly deprived Dolenz of his federal rights because Boundy, an attorney, was acting as "an officer of the court" at the time. (See Pl.'s First Am. Original Compl. at 8.) Dolenz also alleges that Boundy was a state actor because he conspired with Defendant Akin, a public official, to deprive Dolenz of his rights. (See Pl.'s First Am. Original Compl. at 7-8; Pl.'s Resp. Defs.' Mot. Dismiss at 4-5.) With regard to Defendant Avery, Plaintiff contends that Avery, although a private citizen, was a state actor either because she acted through Defendant

---

[1]     See discussion infra pp. 12-13.

Boundy, her attorney and agent, (see Pl.'s Resp. Defs.' Mot. Dismiss at 1-2), or because she

too conspired with Defendant Akin, (see Pl.'s First Am. Original Compl. at 7-8; Pl.'s Resp.

Defs.' Mot. Dismiss at 5).   Hence, the Court must first consider whether an attorney is, by

virtue of being an officer of the court, a state actor.   Second, the Court must consider whether

a conspiracy between a private party and a public official to deprive someone of his federal

rights makes the private party a state actor for purposes of liability under Section 1983.

    The law is clear that a private attorney who merely represents a client in a civil

proceeding (like Defendant Boundy in this instance) does not act under the color of state law.

See Hill v. McClellan, 490 F.2d 859, 860 (5th Cir. 1974) ("Lawyers who participate in the

trial of private state court litigation are not state functionaries acting under color of state law

within the meaning of the Federal Civil Rights Act; likewise, they are not liable under said

Acts"), overruled on other grounds, Sparks v. Duval County Ranch Co., 604 F.2d 976, 983

(5th Cir. 1979), aff'd sub nom. Dennis v. Sparks, 449 U.S. 24 (1980); Slavin v. Curry, 574

F.2d 1256, 1265 (5th Cir.) ("Private counsel does not act under color of law.   In the absence

of an actionable conspiracy, [a retained attorney] cannot be held liable under the Civil Rights

Acts."), modified on other grounds, 583 F.2d 779 (5th Cir. 1978), and overruled on other

grounds, Sparks, 604 F.2d at 983; Banuelos v. McFarland, 41 F.3d 232, 234 (5th Cir. 1995)

(holding that actions of counsel substitute in prison disciplinary hearing, like actions of public

defender and private attorney, are not actions under color of state law for purposes of Section

1983 (citing Polk County v. Dodson, 454 U.S. 312 (1981))); Thompson v. Aland, 639 F.

Supp. 724, 728 (N.D. Tex. 1986).   However, a private party may be held liable under Section

Case 3:95-cv-01605-P   Document 53   Filed 01/14/97   Page 7 of 14   PageID 15


1983 if he is a "'willful participant in joint activity with the State or its agents.'" Cinel, 15

F.3d at 1343 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Stream, 764

F.2d at 387). In fact, private-party "coconspirators act under color of law and can be sued for

damages in a section 1983 action when they involve a judge in their plot, regardless of whether

the judge can be brought to justice [because of immunity] for his part in the scheme." Sparks,

604 F.2d at 983. Thus, it is clear that, contrary to Plaintiff's assertions, Defendants Boundy

and Avery were not state actors by virtue of Boundy's status as a lawyer; however, if they did

conspire with Defendant Akin, a public official, to deprive Dolenz of his federal rights,

Boundy and Avery were acting under color of state law for Section 1983 purposes.

Although Plaintiff does allege that the three Defendants were engaged in a conspiracy,

for the reasons discussed herein, the allegations of conspiracy found in Dolenz's First

Amended Original Complaint are inadequate. Accordingly, Dolenz's complaint does not meet

the threshold requirement of a Section 1983 claim--i.e., that Defendants Boundy and Avery

were acting under color of state law when Dolenz was allegedly deprived of his federal rights.

A brief discussion of the various allegations Plaintiff has made in support of his Section

1983 claims will assist the Court in explaining why Dolenz's current allegations do not state a

claim under Section 1983 and why, in this instance, Dolenz's 1983 claims should be dismissed

with prejudice and without leave to amend his complaint.

In Plaintiff's Original Complaint, filed August 4, 1995, Dolenz made the following

allegations in support of his Section 1983 claims against Defendants Akin, Boundy and Avery:

> Boundy, his client Avery, and Akin knew that the two incarcerations were
> executed where there was clearly no jurisdiction over the subject matter and that

95-1605

> jurisdiction was lacking. . . . [T]he judge in concert with Boundy acted in a
> non-judicial capacity and deprived Dolenz of his civil rights pursuant to 42
> U.S.C. 1983. . . . During the two incarcerations, both Boundy as an officer of
> the court, and Akin were acting under the color of state law and in doing so
> deprived Dolenz of his liberty, privileges to be free, and immunities guaranteed
> by the Constitution or Laws of the United States. . . .

(Pl.'s Original Compl. at 8.)

Allegations made earlier in the complaint, which Dolenz adopts and fully sets forth

under his 1983 causes of action, clarify what Dolenz means when he alleges that Defendants

Akin and Boundy acted "in concert." Dolenz is referring to the fact that Defendants Boundy

and Avery "requested and urged" Defendant Akin to incarcerate Dolenz for contempt, id. at 3,

and "as . . . attorney and . . . client . . . prosecut[ed] [with Akin] and direct[ed] the unlawful

arrest and detention." Id. at 2-3. In other words, Plaintiff's Original Complaint contains

absolutely no allegations of an actual conspiracy between the three Defendants. It is clear that

Dolenz merely seeks to hold Defendants Boundy and Avery liable for having "prosecuted"

Dolenz for contempt. In fact, as the language quoted above makes clear, Dolenz alleges that

Defendant Boundy was acting under color of state law for purposes of Section 1983 because he

was acting as "an officer of the court" when he deprived Dolenz of his rights--not because he

had engaged in a conspiracy with Defendant Akin.

On October 2, 1995, Plaintiff sought leave to amend his Original Complaint.[2]

---

[2]    In his Motion for Leave to Amend, Dolenz contended that the amendment was merely for
clarification purposes and would provide more detail as to why Defendant Akin "wholly lacked jurisdiction" when he
incarcerated Dolenz. (See Pl.'s Mot. Leave Amend Original Compl. ¶ 2.) Yet, when Plaintiff filed his First
Amended Original Complaint on February 16, 1996, he did not simply clarify his lack of jurisdiction allegation;
instead, he went beyond the scope of the Court's order permitting him leave to amend and alleged, for the first time,
a conspiracy between Defendants Akin, Boundy and Avery. Dolenz apparently did this because he realized that the
allegations in his Original Complaint did not establish a claim against Defendants Boundy and Avery under Section
1983--because a lawyer is not, by virtue of being an officer of the court, a state actor "under color of state law" within

MEMORANDUM OPINION AND ORDER--8
95-1605

Plaintiff's First Amended Original Complaint, filed February 16, 1996, makes the following

allegations of a conspiracy between the three Defendants to deprive Plaintiff of his federal

rights:

> The Defendants reached an understanding to violate the Plaintiff's constitutional
> rights by incarcerating him under color of law while all the Defendants knew or
> should have known that Akin was a layman and not a Judge with any
> jurisdiction whatsoever. The conduct of Akin, Boundy, and his client Avery is
> such that they had a meeting of minds to enforce incarceration and had ex parte
> conversations concerning Dolenz. This action of conspiracy among Akin,
> Boundy and Avery was such that they reached an understanding to violate the
> Plaintiff's constitutional rights by incarcerating him . . . . These Defendants
> acted with an understanding and purpose to deprive Dolenz of his constitutional
> rights and did overt acts including incarceration and those acts given in
> Plaintiff's Exhibit "E" wherein Dolenz was injured thereby; and Boundy and
> Avery reached an understanding with Akin to assert theories of law that are
> inconsistent with case law and the Constitution of the United States and Texas. .
> . .

(Pl.'s First Am. Original Compl. at 7-8.)[3]

To support his conspiracy claims, Dolenz must "allege facts that suggest . . . an

agreement between the private [defendants] and public defendant[] to commit an illegal act."

the meaning of Section 1983.

[3]     The Court believes that Dolenz was aware when he amended his complaint that he could only
establish a 1983 cause of action against Defendants Boundy and Avery if they had conspired with Defendant Akin, a
public official, to deprive Dolenz of his rights. In fact, in his Response to Boundy's and Avery's present Motion to
Dismiss, Dolenz relies heavily on his newly-raised allegations of a conspiracy between the three Defendants to
establish his causes of action against Boundy and Avery; and he abandons, altogether, his allegation that Defendant
Boundy was acting under color of state law because he was acting as an officer of the court. (See Pl.'s Resp. Defs.'
Mot. Dismiss at 4-5; Pl.'s First Am. Original Compl. at 8.)

Furthermore, given the fact that Boundy and Avery cited the case of Thompson v. Aland, 639 F.
Supp. 724 (N.D. Tex. 1986), extensively in their Motion to Dismiss, the Court is certain that Dolenz was aware, at
least by the time that he responded to Defendants' Motion to Dismiss, if not at the time that he amended his
complaint, that conclusory allegations of a conspiracy without any factual allegations suggesting an agreement will not
support a conspiracy claim for purposes of holding a private defendant liable under Section 1983. Thompson stands
for the proposition that a complaint which contains only conclusory allegations of a conspiracy between a judge and a
private attorney, without any factual allegations of conspiratorial conduct or allegations showing that a prior
agreement was made, does not adequately allege that the attorney's action was state action for the purposes of a
Section 1983 suit. See id. at 729.

Cinel, 15 F.3d at 1343 (citing Arsenaux v. Roberts, 726 F.2d 1022, 1024 (5th Cir. 1982))

(emphasis added).  Simply alleging a conspiracy between state and private actors, without

alleging facts that suggest an agreement, is not enough to overcome a 12(b)(6) motion.  See id.

at 1343-44; Arsenaux, 726 F.2d at 1024 ("Mere conclusory allegations of conspiracy cannot,

absent reference to material facts, survive a motion to dismiss" (citing Slotnick v. Stavinsky,

560 F.2d 31, 33 (1st Cir. 1977), cert. denied, 434 U.S. 1077 (1978))); Thompson, 639 F.

Supp. at 729.

        Plaintiff, however, relies on conclusory statements, such as, Defendants "reached an

agreement," "had a meeting of minds," or participated in an "action of conspiracy," to support

his conspiracy claim.  The only facts that Dolenz alleges that could, arguably, support the

existence of an agreement are: 1) Defendants allegedly had ex parte conversations concerning

Dolenz and 2) Defendant Akin took actions that favored Defendants Boundy and Avery.

However, a conspiracy cannot be divined from such allegations.  See Arsenaux, 726 F.2d at

1024 (considering allegations of improper communications and favorable treatment and finding

that such allegations failed to state factual basis to support charge of conspiracy).  Thus,

Plaintiff has failed in this instance to allege facts that suggest that Defendant Akin's

incarceration of Dolenz for contempt, upon Defendants Boundy's and Avery's urging, rises to

the level of a conspiracy to deprive Dolenz of his federal rights.  Nothing in Plaintiff's First

Amended Original Complaint "implies or states that these [defendants] agreed to undertake a

scheme to deprive [Dolenz] of his constitutional rights."  Cinel, 15 F.3d at 1343-44.

        For the foregoing reasons, the Court finds that Plaintiff has not sufficiently alleged that

Defendants Boundy and Avery, both private actors, conspired with Defendant Akin, a public official, to deprive Dolenz of his rights; thus, Plaintiff's First Amended Original Complaint does not demonstrate the threshold requirement for a Section 1983 claim--i.e., that Defendants Boundy and Avery were acting under color of state law when Dolenz was allegedly deprived of his federal rights. Accordingly, Dolenz has failed to state a claim for relief under 42 U.S.C. § 1983 against Boundy and Avery and these claims are dismissed.

Although the Court is very much aware that the favored practice in these situations is to permit a plaintiff leave to amend to correct the defects in his complaint, in this instance, the Court chooses to dismiss Plaintiff's 1983 claims with prejudice and without granting Dolenz leave to amend. The Court takes this course of action because it strongly believes that granting Dolenz leave to amend in this instance would be futile.

First, Plaintiff has already amended his complaint once to include allegations of a conspiracy; and the manner in which Dolenz amended his complaint indicates that he merely alleged conspiracy to keep his 1983 claims alive--not because he had a factual basis for believing that a conspiracy existed. Second, at the time that Plaintiff amended his complaint to include allegations of a conspiracy, Plaintiff was aware of the importance of these allegations; yet, he could not muster up any facts suggesting an agreement and, instead, relied on conclusory allegations. Third, since Plaintiff was obviously aware of the law regarding Section 1983 claims against private actors when he amended his complaint, he was, more likely than not, also aware that he needed to allege facts suggesting an agreement in order to support a conspiracy claim. Certainly, Dolenz was aware of the need to allege such facts by

MEMORANDUM OPINION AND ORDER--11
95-1605

the time that he filed his Response to Defendants' Motion to Dismiss; yet, he did not ask the Court for further leave to amend his complaint to plead facts supporting an agreement but rather relied on his conclusory allegations. Accordingly, the Court does not believe that Dolenz could now allege facts supporting an agreement if the Court were to give him the opportunity to amend his complaint.[4]

Having dismissed the federal claims that were the basis of this Court's jurisdiction, the Court chooses not to retain its jurisdiction over Dolenz's pendent state-law false imprisonment claims. "The district court has discretionary power to adjudicate pendent claims after it has dismissed the federal claims that originally invoked its jurisdiction." Cinel, 15 F.3d at 1344 (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725-26 (1966); Transource Int'l, Inc. v. Trinity Indus., Inc., 725 F.2d 274, 286 (5th Cir. 1984)). A district court should decide whether to retain jurisdiction based on considerations of judicial economy, convenience, fairness, and comity. Id.

Although this case is set for trial in the near future, the case has not progressed very far since discovery has been stayed throughout the proceeding. Consequently, the case is at an

---

[4]       "[W]here it appears 'beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief,' . . . the court's decision to dismiss the claim with prejudice should be upheld." Fernandez-Montes, 987 F.2d at 284 n.8 (quoting Conley, 355 U.S. at 45-46). The denial of leave to amend a complaint is reviewed under the abuse of discretion standard. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971). It is not necessarily an abuse of discretion for a court to dismiss an action with prejudice for failure to state a claim without granting leave to amend. See Fernandez-Montes, 987 F.2d at 284 n.8 (finding no abuse of discretion where, at pretrial conference, district court reversed prior judge's order denying motion to dismiss and dismissed plaintiff's claim with prejudice and then denied plaintiff leave to amend despite fact that plaintiff had not had opportunity to amend complaint to correct dismissed claim); Feinberg v. Leach, 243 F.2d 64, 68 (5th Cir. 1957)(finding district court did not abuse its discretion by dismissing complaint with prejudice since it appeared that no mere amendment could cure complaint's defect and have it state a claim upon which relief could be granted); Lone Star Motor Import, Inc. v. Citroen Cars Corp., 288 F.2d 69, 77 (5th Cir. 1961)(stating unsuccessful pleader must be given opportunity of filing amendment unless it appears reasonably certain that under accepted test no evidence is available to make out a claim).

early stage and there has not yet been a substantial commitment of federal judicial resources.

Thus, considerations of judicial economy weigh against pendent jurisdiction in this case. See

La Porte Constr. Co. v. Bayshore Nat'l Bank, 805 F.2d 1254, 1257 (5th Cir. 1986). For the

same reasons, considerations of convenience and fairness do not require exercising pendent

jurisdiction. The litigants have not devoted substantial time and effort to litigating the state

claims in federal court, and the Court does not see how the parties would be prejudiced if the

Court were to dismiss the state-law claims. Finally, considerations of comity obviously weigh

against exercising pendent jurisdiction. See Gibbs, 383 U.S. at 726 ("Needless decisions of

state law should be avoided . . . as a matter of comity."). Accordingly, the Court chooses not

to exercise pendent jurisdiction over Plaintiff's state-law false imprisonment claims and

dismisses these claims without prejudice.

As a final matter, Defendants have requested sanctions against Plaintiff under Rule 11;

they argue that sanctions are appropriate because Dolenz filed this suit solely for the purposes

of harassment and delay and without a cursory review of the law. (See Defs.' Mot. Dismiss at

2; Defs.' Br. Supp. Mot. at 9-11.) Since the Court has not considered Plaintiff's state-law

claims, it cannot say that this suit was filed solely for the purposes of harassment and delay or

without a cursory review of the law. While the Court has found that the Section 1983 claims

are without merit, it is not necessarily the case that the state-law claims also lack merit.

Assuming that Plaintiff has a legitimate basis for asserting these claims, Dolenz may have,

indeed, brought this suit for legitimate reasons and with a reasonable view of the law.

Accordingly, the Court denies Defendants' Motion for Sanctions.

MEMORANDUM OPINION AND ORDER--13
95-1605

Refusing to be outdone, Plaintiff also requests sanctions. Dolenz argues that sanctions are appropriate under Rule 11 and 28 U.S.C. § 1927 because Defendants made misrepresentations to the Court, filed an untimely motion with no basis in law, and multiplied litigation vexatiously. (See Pl.'s Resp. Defs.' Mot. Dismiss at 8.) First, the Court does not believe that Defendants made any misrepresentations. Second, although Defendants' Motion to Dismiss may have been untimely, as explained above, it was untimely in name only and was perfectly permissible as a motion under Rule 12(c). Finally, Defendants' motion had a basis in law and was not filed for vexatious reasons. Accordingly, Plaintiff's request for sanctions is denied.

## CONCLUSION

Defendants' Motion to Dismiss is, hereby, GRANTED; and Plaintiff's Section 1983 claims are DISMISSED with prejudice; Plaintiff's state-law false imprisonment claims are also DISMISSED but without prejudice.

Defendants' Motion for Sanctions is, hereby, DENIED.

**SO ORDERED** this _13th_ day of _January_ 1997.

_____
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE